UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH ALAN SCOTT,

    Plaintiff,

v.                                                      Case No.  5:19-cv-28-MCR/MJF

BRANDON NEWSOME, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause (Doc. 12). For the following reasons, the undersigned recommends that the present action be dismissed without prejudice for failure to comply with two court orders.[1]

**I.    Background**

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 on January 28, 2019. Plaintiff did not pay the filing fee or move for leave to proceed *in forma pauperis* at that time. Consequently, on March 6, 2019, the undersigned ordered Plaintiff, by April 5, 2019, to either pay the filing fee or properly move for leave to

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

proceed *in forma pauperis*. (Doc. 6). Plaintiff did not comply with that order within the deadline set by the undersigned.

On April 19, 2019, the undersigned ordered Plaintiff to explain his failure to comply with the undersigned's previous order. (Doc. 7). On April 22, 2019, the clerk of the court received Plaintiff's motion for leave to proceed *in forma pauperis* along with a notice of change of address.

Plaintiff's *in forma pauperis* motion suffered from two major defects: (1) it did not contain all the information needed to rule on such a motion;[2] and (2) Plaintiff's notice of change of address indicated that he no longer was a prisoner. Consequently, Plaintiff's motion to proceed *in forma pauperis*—on a form approved by the District Court for use only by prisoners—did not include the information a court would need to grant such a motion. The undersigned, therefore, denied Plaintiff's motion without prejudice, and the clerk of the court sent to Plaintiff the proper form to be used by non-prisoners seeking to proceed *in forma pauperis*. (Doc. 11). On April 29, 2019, the undersigned again ordered Plaintiff to pay the filing fee

---

[2] At the time Plaintiff filed this lawsuit, Plaintiff was in custody at Holmes County Jail. Thus, the undersigned's order of March 6, 2019 (Doc. 6) ordered Plaintiff to submit a "computer printout of the transactions in his prison account during the preceding six-month period" with his motion. (*Id*. at 2). Plaintiff's failure to include such a printout would have necessitated a denial of his motion even if he were still incarcerated.

or properly resubmit his motion and set a new deadline of May 30, 2019. (*Id.*). To this date, Plaintiff has not complied with this order.

On June 13, 2019, the undersigned ordered Plaintiff to explain his failure to comply with the undersigned's previous orders. (Doc. 12). Plaintiff was given until July 15, 2019 to comply. To this date, Plaintiff also has not complied with that order.

## II.     Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir.

1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of the Plaintiff's failure to comply.** On April 29, 2019, the undersigned ordered Plaintiff to pay the filing fee or properly move for leave to proceed *in forma pauperis* within thirty days. Plaintiff still has not complied with that order.

**(2) The Plaintiff's failure to comply with multiple orders.** The Plaintiff has failed to comply with two orders:

    a. the undersigned's order of April 29, 2019; and

    b. the undersigned's order of June 13, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned the Plaintiff that failure to comply with the respective orders could result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite this warning, Plaintiff has not explained his failure to comply with the court's order or filed a proper motion to proceed *in forma pauperis*.

**(4) The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future. Additionally, Plaintiff has not paid the filing fee, therefore, dismissal will not result in Plaintiff forfeiting the filing fee.

**(5) The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process on this issue. The court's need to dispose of cases that are not being actively prosecuted outweighs any competing interests.

**(6) The public policy favoring disposition of cases on their merits.** The undersigned's orders were designed to facilitate disposition of this case on its merits. Plaintiff has failed to comply with those orders, thereby thwarting a disposition on the merits.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff's past conduct suggests that he likely would ignore any further orders to comply. It is unlikely, therefore, that any lesser sanction would motive Plaintiff.

These and other factors indicate that dismissal without prejudice is warranted in this case.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED without prejudice** for failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 31st day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.